UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ruth J Golden, | ) C/A: 6-06-890-HFF-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Bausch & Lomb; | ) |
| Cherly (sic) Synder, Human Resources Mgr.; and | ) |
| Eileen Rogers, R.N., | |
| | |
| Defendant(s). | |

_____

The sole issue in this Report and Recommendation is whether Plaintiff should be required to pay the filing fee, or whether her financial condition justifies waiver of the filing fee.

Plaintiff, Ruth J. Golden, has commenced this Americans with Disabilities claim against her former employer and two former co-workers. Under the provisions of 28 U.S.C. § 636, and Local Civil Rule 73.02 DSC, this magistrate judge is authorized to review all pretrial matters in litigation brought by persons proceeding pro se and submit findings and recommendations to the District Court.

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff has filed an Application to Proceed Without Prepayment of Fees and Affidavit (AO Form 240), also known as an application to proceed *in forma pauperis*. In her application, Ms. Golden reports income in the amount of 643.50 a week. She also states that

in the past twelve months she has received money from "[r]ent payments, interest or dividends," from "[p]ensions, annuities or life insurance payments," and from "[d]isability or workers compensation payments." She reports, as well, that she has approximately $2800.00 in cash, checking or savings, and that she owns stocks of unknown value. Furthermore, she states she received a "settlement" of $25,000.00 "for injury". This information raises serious questions over the application to proceed without prepayment of fees.

A litigant is not required to show that she is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). Adkins v. E. I. Du Pont de Nemours & Co., 335 U.S. 331, 337-44 (1948) (unanimous decision) (Black, J.). Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. See Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980). One district court has observed that the appropriate disposition of § 1915 applications is not always clear: " '[T]here are no 'magic formulas' for making the determination that the requisite in forma pauperis status is present, but instead, there is required a careful scrutiny and weighing of all of the relevant facts and circumstances involved in each particular situation.' " Carter v. Telectron, Inc., 452 F. Supp. 939, 942 (S.D. Tex. 1976) (quoting Dreyer v. Jalet, 349 F. Supp. 452, 459 (S.D. Tex. 1972), aff'd, 479 F.2d 1044 (5th Cir. 1973) (per curiam)).

In Carter, the district court, citing Adkins and cases in the Third and Fifth Circuits, set forth three legal tests that courts have used to evaluate *in forma pauperis* applications, in exercising their discretion under 28 U.S.C. § 1915(a):

(1) Is the litigant "barred from the Federal Courts by reason of his impecunity?"

(2) Is his "access to the courts blocked by the imposition of an undue hardship?"

(3) Is the litigant "forced to contribute his last dollar, or render himself destitute to prosecute his claim?"

452 F. Supp. at 943.

As has been noted many times, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North American Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). See also Failor v. Califano, 79 F.R.D. 12, 13 (M.D. Pa. 1978); and Thomas v. Califano, 79 F.R.D. 14, 14-15 & n.2 (M.D. Pa. 1978). Upon a review of all the information before the Court, mindful of the tests set forth in Carter, it does not appear that Plaintiff would be barred from the federal courts because she simply does not have the money for the filing fee, nor that paying that fee would effectively block her access to the courts by imposing on her an "undue hardship," nor that the fee would wring from her, her last dollar or essentially render her destitute. Hence, Plaintiff must " 'confront the initial dilemma which faces most other potential civil litigants: Is the merit of the claim worth the cost of

pursuing it?' " Carter, 452 F. Supp. at 944 (quoting Carroll v. United States, 320 F. Supp. 581, 582 (S.D. Tex. 1970)).

There are no clear precedents in the Fourth Circuit as to whether a magistrate judge can deny an application to proceed *in forma pauperis*, but another United States Court of Appeals has concluded that a magistrate judge cannot do so.  In Woods v. Dahlberg, 894 F.2d 187 (6th Cir. 1990) (per curiam), the court ruled that a denial of an application to proceed *in forma pauperis* is the equivalent of an involuntary dismissal, which cannot be ordered by a magistrate judge:

> Plaintiffs have both appealed from magistrate orders denying leave to proceed in forma pauperis.  Sua sponte, we address the issue of whether magistrates have authority to deny a motion for pauper status and conclude they do not.
>
> . . . . Although [28 U.S.C. §] 636(b)(1)(A)[1] does not specifically reference a motion to proceed in forma pauperis, we conclude that a denial of such a motion is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority.
>
> A district judge is free to refer a motion for pauper status to a magistrate and if the decision is to grant such a motion, the magistrate may enter such an order.  If the decision is to deny, however, the magistrate must make such a recommendation to the district judge who will then take final action.

894 F.2d at 187-88 (footnote omitted).  See also Cavender v. Seabold, No. 92-6587, 1993 WL 137075, at *1, 992 F.2d 1216 (6th Cir. 29 Apr. 1993) (table); Thornton v. Brady, No. 89-3882, 1990 WL 86697, at *1, 905 F.2d 1539 (6th Cir. 20 June 1990) (table); United States v. General Foods Corp., File No. 1:90-CV-397, (W.D. Mich. 31 August 1993) ("Of course,

---

[1]Restricting the authority of magistrate judges to issue dispositive orders.

- 4 -

where a magistrate judge lacks jurisdiction to enter an order dispositive of a matter, the proper course of action by a magistrate judge is to issue a report and recommendation for de novo review by the district judge.") (citing Bennett v. General Caster Serv. of N. Gordon Co., 976 F.2d 995, 997 (6th Cir. 1992); Woods, supra); Business Credit Leasing, Inc. v. City of Biddeford, 770 F. Supp. 31, 32 & n.1 (D. Maine 1991) (following Woods, magistrate judge's "Memorandum of Decision" treated as "Recommended Decision").

Therefore, this Report and Recommendation has been prepared, so that Plaintiff may obtain review by a United States district judge.

### RECOMMENDATION

On the sole issue of this Report and Recommendation, it is recommended that the Application to Proceed Without Prepayment of Fees be **denied**. *Plaintiff's attention is directed to the important notice on the next page.*

Greenville, South Carolina
April 19, 2006

S/Bruce H. Hendricks
United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603
