IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Ruth J. Golden,                                )
                                               )    Civil Action No. 6:06-890-HFF-BHH
                              Plaintiff,        )
                                               )
                    vs.                        )    **REPORT AND RECOMMENDATION**
                                               )    **OF MAGISTRATE JUDGE**
Bausch & Lomb; Cherly (sic) Synder,            )
Human Resources Mgr.;                          )
and Eileen Rogers, R.N.,                       )
                                               )
                              Defendants.       )
                                               )

The plaintiff is proceeding in this action *pro se*.  On May 21, 2007, a proper form order was issued giving the plaintiff 20 days to bring the case into proper form.  The plaintiff was warned that a failure to do so could result in the dismissal of her case.  [See Doc. 29.] On June 12, 2007, the plaintiff filed a motion for extension of time to bring the case into proper form.  On July 3, 2007, the plaintiff's motion was granted and another proper form order was issued giving the plaintiff until July 26, 2007, to bring the case into proper form. Again, the plaintiff was warned that the case could be dismissed for a failure to comply with the Court's Order.  [See Doc. 35.]  On July 24, 2007, plaintiff filed another motion for extension of time.  Once again, the plaintiff's motion was granted and she was given until August 13, 2007, to bring the case into proper form.  As of the date of this Order, the plaintiff has failed to bring her case into proper form or to request an extension of time to do so.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders."  *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).  As stated, the plaintiff has been repeatedly warned that a failure to comply with the Court's orders could lead to a dismissal with prejudice of her case.  [See Docs. 29 & 35.]  Accordingly, it is recommended that this action be dismissed pursuant to *Ballard* and

Rule 41(b) of the Federal Rules of Civil Procedure and in consideration of the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982).  *See Ballard*, 882 F.2d at 96.

s/Bruce Howe Hendricks
United States Magistrate Judge

August 21, 2007
Greenville, South Carolina.